IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WARNER-YUNG KNICKREHM,

        Plaintiff,        Civil No. 05-6338-TC

        v.        FINDINGS AND
                RECOMMENDATION
JOHNATHAN S. HUAB and
ROBERT E. JONES,

        Defendants.

COFFIN, Magistrate Judge.

    Plaintiff pro se, filed a document alleging violations of the United States Constitution and various federal statutes. The only named defendants are United States District Judge Robert E. Jones and Assistant United States Attorney Johnathan S. Haub. Plaintiff seeks $350,000,000 in damages and to have defendants prosecuted for alleged crimes.

    For reasons set forth below, plaintiff's complaint should

be dismissed, without service of process, on the basis that it is frivolous.

## BACKGROUND

Plaintiff filed a document alleging that defendants violated his constitutional rights and various criminal statutes in connection with plaintiff's prosecution and conviction on criminal charges. Plaintiff alleges that defendants have acknowledged their "guilt" in these matters by their "private administrative default." Because plaintiff alleges that he is "illegally, unlawfully being restrained" as a result of defendants' alleged conduct, it could be appropriate to construe plaintiff's document as a motion for relief under 28 U.S.C. § 2255. However, I take judicial notice of the fact that plaintiff has previously filed a § 2255 motion which was denied. See, Civ. No. 05-1116-JO, July 22, 2005. Plaintiff has not alleged that he has obtained the required certificate from the Ninth Circuit Court of Appeals allowing him to file a second or successive §2255 motion or otherwise complied with the § 2255 procedural requirements, such as filing his motion on a form provided by the court. Thus, it is appropriate to analyze plaintiff's document as a complaint under 42 U.S.C. § 1983. See, Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (when the intent to bring a habeas petition is not clear, the court should not

convert a defective civil rights claim into a habeas petition).

**STANDARDS**

A complaint is frivolous "where it lacks an arguable basis in law or in fact." Neitzke, 490 U.S. at 325; Lopez v. Dept. of Health Services, 939 F.2d 881, 882 (9th Cir. 1991). In determining whether a civil rights complaint is frivolous, this court is mindful of the requirement to liberally construe the allegations of a *pro se* plaintiff and to afford the plaintiff the benefit of any doubt. Lopez, 939 F.2d at 883.

**DISCUSSION**

I find that regardless of liberally plaintiff's complaint is construed, it fails to state a claim. Pursuant to Fed. R. Civ. P. 8(a), a complaint shall include "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends ..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks." "Each averment of a pleading shall be simple, concise and direct." Fed. R. Civ. P. 8(e).

A district court has the power to dismiss a complaint when a plaintiff fails to comply with Federal Rules of Civil Procedure 8(a) and 8(e). McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); Nevijel v. North Coast Life Ins. Co., 651 F.2d

3 - FINDINGS AND RECOMMENDATION

671, 673 (9th Cir. 1981).

Plaintiff's document does not meet the minimal pleading standards set forth above. Plaintiff's "complaint" is a mish-mash of factual allegations having to do with the defendants' alleged "crimes." The document contains novel legal theories and is liberally seasoned with references to executive orders, bankruptcy law, criminal statutes and federal statutes that could have no relevance to this proceeding (eg. the "trading with the Enemy Act of 1917" and the War Powers Act). In short, plaintiff's "complaint" is incomprehensible and legally frivolous.

In addition, as noted above, the only named defendants are U.S. District Court Judge Robert E. Jones and AUSA Johnathan E. Haub. Plaintiff's claims arise out of these defendants' judicial acts or conduct in their capacities of judge and prosecutor.

Judges are absolutely immune from liability for damages for their judicial acts. Stump v. Sparkman, 435 U,.S. 349 (1978); Imbler v. Pachtman, 424 U.S. 409, 418 (1976); Sherman v. Babbit, 772 F.2d 1476, 1477 (9th Cir. 1985). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump, 435 U.S. at 356-57. A judge loses absolute immunity only when he or she acts in clear absence of

4 - FINDINGS AND RECOMMENDATION

all jurisdiction or performs an act that is not judicial in nature. Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam), cert denied, 488 U.S. 995 (1988). Plaintiff has not alleged any facts that would establish that his claims against Judge Jones arose from acts that were "in clear absence of all jurisdiction" or not "judicial in nature."

Prosecutors are absolutely immune from liability for damages caused by conduct within the scope of their authority and "'intimately associated with the judicial phase of the criminal process.'" Burns v. Reed, 500 U.S. 478, 486 (1991) (quoting Imbler v. Pachtman, supra at 431. Absolute prosecutorial immunity is not defeated by a showing of malicious or wrongful conduct. Id. The actions allegedly taken by defendant Haub were taken in association with the judicial phase of the criminal process.

Thus, the defendants in this action are entitled to absolute immunity from plaintiff's claims.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that plaintiff's complaint is DISMISSED. Because it is apparent that the deficiencies of the complaint cannot be cured by amendment,

5 - FINDINGS AND RECOMMENDATION

the dismissal should be with prejudice.

DATED this 4th day of November, 2005.

_____
Thomas M. Coffin
United States Magistrate Judge